THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
E-MAIL  t_stew_3@yahoo.com
Attorneys for Michael Fernandes



**FILED**
MAR 10 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL FERNANDES,

      Plaintiff,

v.

ENRICO CINQUINI, PHYLLIS
BRODERICK, TIMOTHY SCOTT
BRODERICK, SHEILA BRODERICK,
WESTERN STATES PROPERTIES,
DWIGHT MEADOWS, BELLECCI
FAMILY, LP and GEORGE CURTIS,

      Defendants.
_____/

**C·11-1220 JCS**

Case No. CV-11-

Civil Rights

COMPLAINT FOR PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF AND
DAMAGES: DENIAL OF CIVIL RIGHTS AND
PUBLIC FACILITIES TO PHYSICALLY
DISABLED PERSONS (CIVIL CODE §§ 51,
ET SEQ.; INJUNCTIVE RELIEF PER
TITLE III, AMERICANS WITH DISABILITIES
ACT OF 1990

Plaintiff, Michael Fernandes, alleges:

FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:
PUBLIC FACILITIES AT A BAR (Civil Code §§ 51, et seq.)

1.    Plaintiff suffers from "Ataxia", does not have the substantial use of his legs and is a

"person with a disability" and "physically handicapped person". Plaintiff requires the use of a

wheelchair for locomotion and is either unable to use portions of public facilities which are not

Complaint              1

1    accessible to disabled persons who require the use of a wheelchair or is only able to use such

2    portions with undue difficulty. When barriers are removed, Plaintiff is able to swing himself

3    from his wheelchair onto a toilet.

4    2. The "Nineteenth Hole" Bar located at 2740 West Tregallas Road, Antioch, California (the

5    Bar) is a Bar which is open to the public. Defendants own the real property where the Bar is

6    located.

7    3. Summary of facts: This case involves the denial of access to Plaintiff and others similarly

8    situated at the Bar on February 2, 2011. Plaintiff was denied equal protection of the law and was

9    denied Civil Rights under both California law and federal law, as below described because the

10   disabled parking and restroom are inaccessible, all of which made the Bar not properly accessible

11   to Plaintiff and to others similarly situated. Plaintiff seeks injunctive relief to require Defendants

12   to correct those barriers, to comply with ADAAG and the CBC where required, to remove all

13   barriers to access in the Bar which are readily achievable, to make all reasonable accommodations

14   in policy in order to enable Plaintiff and others similarly situated to use the Bar and at minimum,

15   to use readily achievable alternative methods to enable Plaintiff to use the goods and services

16   which the Bar makes available to the non-disabled public. Plaintiff also seeks the recovery of

17   damages for his personal damages involved in the discriminatory experiences on February 2,

18   2011, and seeks recovery of reasonable attorney's fees and litigation expenses and costs

19   according to statute.

20   4. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for

21   violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to

22   supplemental jurisdiction, attendant and related causes of action arising from the same facts are

23   Complaint                          2

1  also brought under California law, including but not limited to violations of California Civil Code

2  §§ 51, et seq.

3  5. Venue: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact

4  that the location where Plaintiff experienced his discrimination is located in this district and that

5  Plaintiff's causes of action arose in this district.

6  6. Intradistrict: This case should be assigned to the San Francisco intradistrict because the

7  incident occurred in, and Plaintiff's rights arose in, the San Francisco intradistrict.

8  7. The Bar is a "public accommodation or facility" subject to the requirements of California Civil

9  Code § 51, et seq.

10  8. Placeholder.

11  9. Defendants are and were the owners, operators, managers, lessors and lessees of the subject

12  Bar at all times relevant herein. Plaintiff is informed and believes that each of the Defendants is

13  and was the agent, employee or representative of each of the other Defendants, and performed all

14  acts and omissions stated herein within the scope of such agency or employment or representative

15  capacity and is responsible in some manner for the acts and omissions of the other Defendants in

16  proximately causing the damages complained of herein.

17  10. Plaintiff and others similarly situated are disabled persons who require the use of a

18  wheelchair and are unable to use public facilities on a "full and equal" basis unless each such

19  facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and

20  the regulations thereof. Under Civil Code §§ 51, et seq., Defendants were required to comply

21  with the requirements of the Americans with Disabilities Act of 1990 and the federal regulations

22  adopted pursuant thereto. The acts and omissions of which Plaintiff complains took place at the

23  Complaint                                3

Bar.

11. Civil Code §§ 51, et seq., were enacted to prohibit discrimination against people with disabilities and to encourage the full and free use by people with disabilities of public facilities and other public places. CC §§ 51, et seq. state that a violation of the Americans with Disabilities Act of 1990 is a "violation of this section"; CC § 52 states that minimum damages for discrimination are $4,000 for each incidence of discrimination.

12. Health & Safety Code § 19955 was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code." Such public accommodations include those which are the subject of this action. On information and belief, Title 24 California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of construction and of each alteration of work, all of which occurred after July 1, 1982, thus requiring access complying with the specifications of title 24 for all such construction and for each such "alteration, structural repair or addition".

13. The Bar's accessible parking space has its access aisle on the wrong side. The Bar's men's restroom is inaccessible because the toilet stall lacks sufficient maneuvering space and its mirror is too high.

On February 2, 2011, Plaintiff patronized the Bar. He had to exit his vehicle before it parked, because the disabled parking space had its access aisle on the driver's side. When he went to use the men's restroom, he discovered that he could not get his wheelchair up to the toilet, due to the lack of space. Also, he was unable to see himself in the mirror. This caused Plaintiff to suffer embarrassment, difficulty and discomfort. Thus Plaintiff is entitled to statutory

Complaint                                                            4

damages in an amount according to proof.

14. Defendant's failure to remove the barriers as aforesaid, remove all readily achievable barriers, institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services offered to the non-disabled public without having to suffer the indignities, as aforesaid, was a violation of the California Building Code, the Americans with Disabilities Act and federal regulations adopted pursuant thereto, and as a consequence, was a violation of Civil Code §§ 51, et seq.

15. Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by Defendant at the Bar as stated above which appear to be continuing, and which have the effect of discriminating against Plaintiff based on his disability. Plaintiff will continue to patronize the Bar, or will refrain from doing so until the Bar is fixed. Such acts and omissions are the cause of humiliation and inconvenience of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against Plaintiff on the sole basis that Plaintiff is a person with a disability and requires the use of a wheelchair for movement in public places. Plaintiff is unable so long as such acts and omissions of Defendant continue, to achieve equal access to and use of this public facility. The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

16. Damages: As a result of the denial of equal access to the Bar and due to the acts and omissions of Defendants and each of them in owning, operating and/or leasing the Bar, Plaintiff suffered a violation of Civil Rights including but not limited to rights under Civil Code §§ 51, et seq., and suffered mental and emotional distress, all to Plaintiff's damages. Defendant's actions and omissions to act constituted discrimination against Plaintiff on the sole basis that Plaintiff

Complaint                          5

1     was physically disabled and unable to use the facilities on a full and equal basis as other persons.

2     Plaintiff seeks the minimum damages of $4,000 pursuant to CC § 52, for each of the dates on

3     which Plaintiff was subjected to barriers at the Bar.

4     17. Fees and costs: As a result of Defendant's acts, omissions and conduct, Plaintiff has been

5     required to incur attorney's fees, litigation expenses, and costs as provided by statute, in order to

6     enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled

7     persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks

8     recovery of all reasonable attorney's fees and costs, pursuant to the provisions of Civil Code §§

9     51, et seq. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for

10     damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all

11     disabled members of the public, justifying "public interest" attorney's fees, litigation expenses

12     and costs pursuant to Code of Civil Procedure § 1021.5.

13     18. Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing

14     refusal by Defendants to comply with the requirements of the California Building Code, the

15     Americans with Disabilities Act of 1990 and regulations adopted pursuant thereto with respect to

16     access of disabled persons to the Bar; for statutory damages pursuant to CC § 52; and for

17     attorneys' fees and costs pursuant to CC §§ 52 and 1021.5.

SECOND CLAIM FOR RELIEF:
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
42 USC §§ 12101 FF

19     19. Plaintiff realleges the allegations of paragraphs 1-18 hereof.

20     20. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101

21     regarding physically disabled persons, finding that laws were needed to more fully protect "some

23     Complaint            6

43 million Americans [with] one or more physical or mental disabilities"; that "historically society has tended to isolate and segregate individuals with disabilities"; and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous ..."

21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b)):

> It is the purpose of this act
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, *enforceable standards* addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of *discrimination faced day to day* by people with disabilities (emphasis added).

22. As part of the Americans with Disabilities Act, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181 ff). Among "private entities" which are considered "public accommodations" for purposes of this Title is a Bar (Regulation 36.104).

23. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis

Complaint                                      7

1    of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

2    advantages or accommodations of any place of public accommodation by any person who owns,

3    leases or leases to, or operates a place of public accommodation."

4    24.  Among the specific prohibitions against discrimination were included:  *§12182(b)(2)(A)(ii)*:

5    "A failure to make reasonable modifications in policies, practices or procedures when such

6    modifications are necessary to afford such goods, services, facilities, privileges, advantages or

7    accommodations to individuals with disabilities ..."; *§12182(b)(A)(iii)*: "a failure to take such

8    steps as may be necessary to ensure that no individual with a disability is excluded, denied

9    service, segregated, or otherwise treated differently than other individuals because of the absence

10    of auxiliary aids and services ..."; *§12182(b)(A)(iv)*: "A failure to remove architectural barriers

11    and communication barriers that are structural in nature, in existing facilities ... where such

12    removal is readily achievable"; *§12182(b)(A)(v)*: "Where an entity can demonstrate that the

13    removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods,

14    services, facilities, privileges, advantages, or accommodations available through alternative

15    methods if such methods are readily achievable".  The acts and omissions of Defendants set forth

16    herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the

17    regulations promulgated thereunder, 28 CFR Part 36ff.

18    25.  The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were

19    at all times herein mentioned "readily achievable" under the standards of the Americans With

20    Disabilities Act.  Because the Bar was not accessible, Defendants had an obligation to have some

21    sort of plan which would have allowed Plaintiff to enjoy the Bar's services without having to

22    suffer the indignities as aforesaid.

23            Complaint                 8

1    26. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled

2    to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC

3    2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation

4    of this Title or has reasonable grounds for believing that he is about to be subjected to

5    discrimination in violation of §12182. On information and belief, Defendants have continued to

6    violate the law and deny the rights of Plaintiff and of other disabled persons to access this public

7    accommodation since on or before February 2, 2011. Pursuant to §12188(a)(2), "In cases of

8    violations of §12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter facilities to

9    make such facilities readily accessible to and usable by individuals with disabilities to the extent

10   required by this title."

11   27. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of

12   1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the

13   Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 12188(a)

14   of the ADA who is being subjected to discrimination on the basis of disability in violation of Title

15   III and who has reasonable grounds for believing he will be subjected to such discrimination each

16   time that he may attempt to patronize the Bar.

17        Wherefore Plaintiff prays for relief as hereinafter stated:

18                            PRAYER

19        1. Issue a preliminary and permanent injunction directing Defendants to modify its

20   facilities as required by law to comply with the ADAAG and the CBC where required, remove all

21   barriers where it is readily achievable to do so, institute policies in furtherance of accessibility or

22   at least have an alternate policy to enable Plaintiff to use the goods and services offered to the

23        Complaint                 9

1    non-disabled public so that it provides adequate access to all citizens, including persons with

2    disabilities; and issue a preliminary and permanent injunction directing Defendants to maintain its

3    facilities usable by plaintiff and similarly situated persons with disabilities in compliance with

4    federal regulations, and which provide full and equal access, as required by law;

5         2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that

6    Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible

7    public facilities as complained of herein no longer occur, and will not recur;

8         3. Award to Plaintiff all appropriate statutory damages;

9         4. Award to Plaintiff all reasonable attorneys' fees, all litigation expenses, and all costs of

10   this proceeding as provided by law; and

11        5. Grant such other and further relief as this Court may deem just and proper.

12   Date: March 9, 2011

13

14

15          ___S/Thomas N. Stewart, III_____
         Attorney for Plaintiff

16

17

18

19

20

21

22

23       Complaint           10